FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-15526 |
| Plaintiff - Appellee, | D.C. Nos.   2:96-cr-00190-JAM-GGM-1 |
| v. | |
| JAMES ROY BARRON, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted April 15, 2010
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and COLLINS, District
Judge.[**]

James Barron appeals the district court's denial of his motion under 28

U.S.C. § 2255 to vacate his sentence.  Barron claims he was denied his Sixth

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

Amendment right to effective counsel when his lawyer prevented him from testifying on his own behalf.

Barron has not shown ineffective assistance, because he failed to object when his lawyer did not call him as a witness. *See United States v. Nohara*, 3 F.3d 1239, 1243-44 (9th Cir. 1993). The district court evidentiary hearing on his ineffectiveness claim demonstrates that Barron was not afraid to assert himself in court, as he fired his first lawyer on the eve of trial. Barron also testified on his own behalf in two previous trials, leading to prior convictions, so he was well aware of his right to testify.

Barron has also failed to demonstrate that, even assuming there was some failure on the part of his counsel, it resulted in prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). As the district court found, had Barron testified, the government would have been able to impeach his testimony with three prior felony drug convictions. *See Dows v. Wood*, 211 F.3d 480, 487 (9th Cir. 2000). A confidential informant and police officer also both testified at trial to witnessing Barron engage in drug deals.

Barron's claim that he was denied his right to testify is procedurally barred because he failed to raise this claim on direct appeal. *See United States v. Guess*, 203 F.3d 1143, 1145 (9th Cir. 2000). A defendant waives his right to testify if he

2

does not object before the verdict is read. *See United States v. Pino-Noriega*, 189 F.3d 1089, 1095 (9th Cir. 1999). Barron is, therefore, incorrect that this claim required evidence from outside the trial court record and that he could not have raised it on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621-22 (1998).

**AFFIRMED**.